David L. Brandon, Esq., SBN 105505
dbrandon@clarkhill.com
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: 213-891-9100
Fax: 213-487-1156

Jason J. Keener, Esq., Admitted Pro Hac Vice
jkeener@irwinip.com
Victoria Hanson, Esq., Admitted Pro Hac Vice
vhanson@irwinip.com
**IRWIN IP LLP**
150 North Wacker Drive, Suite 700
Chicago, IL 60606
Telephone: 312-667-6286

Attorneys for Defendants and Counterclaimants
Denice Shakarian Halicki, Eleanor Licensing, LLC,
and Gone in 60 Seconds Motorsports, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARROLL SHELBY LICENSING, INC., a California Corporation, and the CARROLL HALL SHELBY TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> DENICE SHAKARIAN HALICKI, an individual, ELEANOR LICENSING, LLC, a Delaware limited liability company, GONE IN 60 SECONDS MOTORSPORTS, LLC, a Delaware limited liability company, and DOES 1 – 10, <br><br> Defendants. | Case No.:  8:20-cv-01344-MCS-DFMx Assigned to the Hon. Mark C. Scarsi, Courtroom 7C <br><br> **DEFENDANTS AND COUNTER-CLAIMANTS' STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS SUBMITTED BY THE SHELBY PARTIES AND CR PARTIES** <br><br> Trial Date:  March 22-23, 2023 <br> Place:  First Street Courthouse 350 W. 1st St. Courtroom 7C, 7th Floor Los Angeles, CA 90012 |

270921900.v1

DENICE SHAKARIAN HALICKI, an individual, ELEANOR LICENSING, LLC, a Delaware limited liability company, GONE IN 60 SECONDS MOTORSPORTS, LLC, a Delaware limited liability company

        Counter-claimants,

vs.

CARROLL SHELBY LICENSING, INC., a California Corporation, and the CARROLL HALL SHELBY TRUST, a trust organized under Texas law, CLASSIC RECREATIONS, LLC, an Oklahoma limited liability company, JASON ENGEL, an individual, TONY ENGEL, an individual, SPEEDKORE PERFORMANCE GROUP, LLC, a Wisconsin limited liability company, and Roes 1 to 10,

        Counter-defendants.

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| EVIDENCE OBJECTED TO | OBJECTION | RULING |
|---|---|---|
| **Declaration of Steve Davis** | | |
| 1. 3:12-15: "Attached is Trial Exhibit 45, which is comprised of true and correct copies of an email Ms. Halicki sent to me and Gary Bennet at Barrett-Jackson in October 2017, the response sent by Barrett-Jackson's General Counsel, Matthew Ohre, and Mr. Leone's reply." | Hearsay (with respect to email sent by Matthew Ohre). FRE 802. | Sustained/ Overruled |
| 2. 3:16-18: Attached is Trial Exhibit 222, which is a true and correct copy of a series of November 2017 emails sent by me or Mr. Ohre to Ms. Halicki and/or Mr. Leone and Mr. Leone's responses. | Hearsay (with respect to emails sent by Matthew Ohre). FRE 802. | Sustained/ Overruled |
| 3. 3:19-21: Attached is Trial Exhibit 223, which is a true and correct copy of a series of November-December 2017 emails sent by me or Mr. Ohre to Ms. Halicki | Hearsay (with respect to emails sent by Matthew Ohre). FRE 802. Incomplete Document – missing the referenced attachments | Sustained/ Overruled |

3

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| and/or Mr. Leone and Mr. Leone's responses. | FRE 106 | |
| 4.  3:22-23: Attached is Trial Exhibit 224, which is a true and correct copy of a November 8, 2019 email sent by Mr. Legg to a consignor with my knowledge. | Hearsay FRE 802. | Sustained/ Overruled |
| 5.  3:24-26: Attached is Trial Exhibit 225, which is a true and correct copy of a November 8, 2019 email sent by Mr. Legg to a second consignor with my knowledge. | Hearsay FRE 802. | Sustained/ Overruled |
| 6.  3:27-4:3: Attached are Trial Exhibits 227, Trial Exhibit 228, and Trial Exhibit 229, which are true and correct copies of emails exchanged by Mr. Legg and the representative for a third consignor between November 15, 2019 and December 5, 2019.  Mr. Legg's emails were sent with my knowledge, and he | Hearsay FRE 802. | Sustained/ Overruled |

4

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| contemporaneously shared the representative's emails with me. | | |
| --- | --- | --- |
| 7. 4:6-8 Attached is Trial Exhibit 236, which is comprised of true and correct copies of emails exchanged by Mr. Ohre and Neil Cummings on January 7, 2020.  I was copied on both emails and Mr. Ohre's response was sent with my knowledge. | Hearsay FRE 802. | Sustained/ Overruled |

| EVIDENCE OBJECTED TO | OBJECTION | RULING |
| --- | --- | --- |
| **Declaration of Neil Cummings** | | |
| 8. 2:11-18: "Mr. Shelby was an iconic muscle car figure, race car driver and designer and manufacturer of sports cars. In the 1950s, Mr. Shelby began racing cars as a driver. He was on the cover of Sports Illustrated twice and inducted into the Automotive Hall of Fame and the Sports Car Club of America Hall of | Lack of personal knowledge. FRE 602.  Lack of foundation. Neil Cummings  is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.  Lay witnesses are precluded from expressing an opinion | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| Fame. He stopped driving and started designing Shelby Cobras in 1960. Mr. Shelby helped Ford win Le Mans in 1966, 1967 and 1968 with the Ford GT40. Mr. Shelby started manufacturing the Shelby GT350 in 1965 and the Shelby GT500 in 1966, based upon Ford Mustangs." | based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Neil Cummings' purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 9. 2:22-25: "In the past five years alone, the Shelby Parties have expended at least $2,253,815.00 on public relations, advertising and marketing." | Lack of personal knowledge. FRE 602.<br><br>Relevance. FRE 402 | Sustained/ Overruled |
| 10.    2:27-3:1: "In the past 39 months alone, the Shelby Parties have expended $527,056.74 on brand protection." | Lack of personal knowledge. FRE 602.<br><br>Relevance. FRE 402 | Sustained/ Overruled |
| 11.    4:23-5:2: "The original 1965-69 Shelby GT500 was | Lack of personal knowledge. FRE 602. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| sold by Shelby American as the 'Manufacturer of Record' through Ford dealerships, and utilized a Ford Mustang GT as the base vehicle. It is more powerful, handles better, has bigger brakes, wider tires, a different hood, and numerous other design features. The specific design features of 19605 GT500s varied greatly, and the more recent retromod versions are sold aftermarket and typically have even more modifications so as to suit the desires of the individual buyer." | Lack of foundation. Neil Cummings  is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Neil Cummings' purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 12.    5:3-4: "Attached as Trial Exhibits 251-254 and 256-259 are images of several examples of 1967 Shelby | Lack of personal knowledge. FRE 602. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | | |
|---|---|---|
| GT500S taken from books and other sources." | Lack of foundation. Neil Cummings  is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Neil Cummings' purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403.<br><br>This information was not disclosed in discovery (applies to Exhibits 252, 253, 254, and 258). FRCP 37. | |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| 13. | 6:22-25: "Second, the judge was told (by Carroll Shelby himself) that he did not want Denice Halicki talking to the press about the settlement, and he wanted to be done with all disputes relating to the Shelby GT500E built by Unique." | Hearsay. FRE 802. | Sustained/ Overruled |
|---|---|---|---|
| 14. | 8:6-8: "We were told during the MSC by Judge Otero that Ms. Halicki wanted to license manufacturers to build and sell new 'Eleanor' branded cars, and we were willing to allow this." | Hearsay. FRE 802. | Sustained/ Overruled |
| 15. | 8:15-16: "There were countless variations of the Shelby GT500 manufactured and sold long before the creation of the 2000 Remake." | Lack of personal knowledge. FRE 602.<br><br>Lack of foundation. Neil Cummings  is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Neil Cummings' purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 16.      9:23-25: "During the course of the settlement negotiations, nobody discussed the Shelby Parties being limited in any way other than using the Eleanor Hood and Eleanor Inset Lights." | Lack of personal knowledge. FRE 602. | Sustained/ Overruled |
| 17.      10:3-5: "CSL and Shelby American maintain records of sales of Shelby vehicles. | Lack of foundation and personal knowledge. FRE 602. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| Between 2009 and 2017, eleven (11) Shelby GT500ES were sold by Barrett-Jackson." | | |
| 18.     10:10-12: "Mr. Farncombe told me that the Halicki Parties had threatened to sue Barrett-Jackson if it auctioned a GT500E without removing Shelby GT500 badging from the car and replacing it with Eleanor badging." | Hearsay. FRE 802. | Sustained/ Overruled |
| 19.     10:13-15: "I then spoke with Matthew Ohre, Barrett-Jackson's attorney, who confirmed Barrett-Jackson would not sell the car at auction as long as the Halicki Parties continued to assert that it was a counterfeit and infringing on their rights." | Hearsay. FRE 802. | Sustained/ Overruled |
| 20.     10:18-22: "Attached as Trial Exhibits 230, 11, 231, 12, 234, 236, 15 and 242 are true and correct copies of written communications | Hearsay (for emails sent from Mr. Sanley, Mr. Ohre, and Mr. Farncombe). FRE 802. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| exchanged between December 9, 2019 and January 13, 2020, by me on the one hand, and Mr. Ohre, Mr. Sanley and/or Mr. Farncombe on the other hand, relating to Mr. Famcombe's efforts to sell his GT500E through Barrett-Jackson." | | |
| 21.    10:24-25: "Mr. Farncombe's GT500E was not sold at the 2020 Barrett-Jackson Scottsdale Auction." | Lack of foundation and personal knowledge.<br>FRE 602. | Sustained/ Overruled |
| 22.    10:27-11:1: "Attached as Trial Exhibit 1008 is a true and correct copy of an e-mail to me from Mr. Fransom." | Hearsay.<br>FRE 802. | Sustained/ Overruled |
| 23.    11:2-4: "It is my understanding that until early this year — 2023 — Barrett-Jackson would not permit Shelby GT500Es or Shelby GT500CRs to be sold at its auction events due to the threats by the Halicki Parties." | Lack of foundation and personal knowledge.<br>FRE 602. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| 24. | 12:4-7: "Attached as Trial Exhibits 20 and 125 are true and correct copies of Mr. Brandon's letter to Classic dated December 31, 2019, and my response letter to Mr. Brandon dated January 9, 2020." | Incomplete document (as to Trial Exhibit 125). Trial Exhibit 125 attached to Cummings' Declaration is heavily redacted in both the body of the letter and the attachment. Trial Exhibit 125 submitted by the parties is not redacted. FRE 106. | Sustained/ Overruled |
| --- | --- | --- | --- |
| 25. | 12:23-24: "My understanding is that, as a result of the Halicki Parties' conduct, GT500CR sales have diminished." | Lack of foundation and personal knowledge. FRE 602. | Sustained/ Overruled |
| 26. | 13:3-9: "The Shelby GT500E vehicles that were licensed by the Shelby Parties prior to the Settlement Agreement, and that are owned by innocent purchasers and listed in the Shelby registry, have been for several years blocked from sale at major auction houses for several years, causing Shelby's customers to become upset with and | Lack of personal knowledge. FRE 602.<br><br>Lack of foundation. Neil Cummings  is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| lose trust in Shelby and creating the appearance that the Shelby brand and trademarks are of little, lesser, or no value. As noted above, I personally spoke and corresponded with a number of these customers." | other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Neil Cummings' purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 27.    13:10-16: "In order to remediate the harm caused by the Halicki Parties' conduct, the Shelby Parties would need to engage in extensive communications with the key auction houses and advertise in auction programs and on their websites to make clear to the world that the Halicki Parties' allegations against the GT500CR and GT500E are not true, that they are | Lack of personal knowledge. FRE 602.<br><br>Lack of foundation. Neil Cummings  is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | | |
|---|---|---|
| currently legitimate to sell, and that the Shelby trademarks and brand continue to represent exclusive, iconic, and high quality vehicles that are of high value and will retain their value over time." | FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Neil Cummings' purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues).<br>FRE 403. | |
| 28.   13:25-14:11: "Set forth below is a summary of the average cost of these activities over the past 5 years (on an annual basis): Timepiece Promotions & Marketing: $174,000.00 per year in PR and marketing support for all the Shelby entities ($870,000.00 over 5 years)<br>'Bullseye' internet support to increase Shelby awareness on the internet: $286,175.00 for the time period January 2018-December 2022 | This information was not disclosed in discovery (applies to Exhibits 252, 253, 254, and 258. FRCP 37.<br><br>Lack of relevance.<br>FRE 402 | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| Attending car shows Sponsored by third parties (6. g. Amelia Island, Barrett Jackson, Ford) and other key events, transportation, event management, collateral materials: $219,528.00 average per year ($1,097,640 over 5 years) Trademarks: outside counsel/attorneys' fees and costs re registrations and challenging third party infringements: $527,056.74 for the time period January 2020-March 2023." | | |
| 29.    14:13-19: "Incredibly, even after this Court's ruling on the issue of the copyrightability of the so-called 'Eleanor' character, the Halicki Parties issued a press release dated February 3, 2023, and published on 'Business Wire' extensively on the internet and in automotive publications | Incomplete document.  Trial Exhibit 1123 is not the Business Wire press release.  It is missing the corresponding photograph. FRE 106. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| (attached as Trial Exhibit 1123 ) in which Halicki again claims to own a copyright interest in the so-called 'Eleanor' character copyright and that Shelby and Classic Recreations are 'infringers' who are building and selling 'unauthorized replicas' of Halicki's 'car character.'" | | |
| 30.     15:2-16:17: "Based upon my experience and research, such corrective advertising aimed at correcting the misimpression in the automotive market regarding the salability of Shelby GT500E's and Shelby GT500CR's (specifically), and Shelby GT500's (generally), the Shelby Parties would need to engage in at least the following activities to correct the market: | Lack of personal knowledge. FRE 602.<br><br>Lack of foundation. Neil Cummings  is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701. | Sustained/ Overruled |

17

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| Contacting known GT500CR and GT500E owners and informing them that their cars are authentic Shelby vehicles and can be freely sold. I estimate, based on past mailers, that the cost of doing so (inclusive of outside counsel assistance) would be on the order of $4,500, in order to draft a form letter, assemble the addresses, and send out communications, plus deal with any responses. Communications directly to the major auction houses. I would use my personal connections to call the relevant auction houses, a process that already has begun. Other than my own time, there would be little if any additional cost, but I would expect this process to consume at least a week of my time. | Unfair prejudice, in that the failure to disclose Neil Cummings' purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403.<br><br>Information not disclosed during discovery. FRCP 37. | |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

Targeted advertising in key print and online media. The Shelby Parties would place advertisements with the media sources that have historically covered Carroll Shelby, his famous vehicles and the Shelby brand/business operations and/or that directly target collectors of American collector's vehicles. The preparation of advertisements would be covered in the monthly fee paid to Timepiece Marketing & Promotions of $14,500.00. Placing advertisements with well-known publications that have historically covered news relating to Carroll Shelby and the vehicles produced by his companies, such as Car & Driver and Road & Track. A full page ad in either publication (both owned by the same entity)

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

would range from around $62,950 for a 1/3 page ad to $139,920 for a full page ad. An ad in the Robb Report (the premier publication for luxury goods) would cost approximately $19,916.00 for a full page ad. Unless a full page ad is purchased, a 1/3 or ½ page ad would likely wind up on the back page with little visibility. These publications would likely hit the overwhelming majority of potential Shelby GT500, Shelby GT500E or Shelby GT500CR owners while being narrowly focused so as not to waste time or money. Marketing directly at the annual SEMA (Specialty Equipment Marketing Association) show, which is the premier event for all aftermarket vehicles and parts for same, and at the

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| world famous Barrett Jackson auction in Scottsdale (where Halicki has focused her unlawful attacks 0n the Shelby Parties). The Shelby Parties would rent booth space at SEMA and Barrett Jackson (Scottsdale) to display corrective statements and answer any questions industry members might have. Booth rental, space rental and equipment costs at Barrett Jackson (Scottsdale) even in the outside area would be approximately $30,000. Booth space at SEMA would be approximately $15,000-$20,000 for an indoor 10x10 booth (not in the main ball but in an outside area)." | | |

| EVIDENCE OBJECTED TO | OBJECTION | RULING |
|---|---|---|
| **Declaration of Jason Engel** | | |
| 31.   3:264-2-"If there is any distinctiveness to the | Lack of foundation. Jason Engel is not an expert and was not | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| Licensed Properties, it would only be in the two trademarks as the designs and aesthetic features of the black and grey 'Eleanor' car in the Remake have existed in the marketplace for years before the Remake and belong to other brands and persons not affiliated with the Counterclaimants." | designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 32.   4:14-16: "It is my understanding and belief that Ford Motor Company has at all times owned and controlled the rights to the body styles described in Paragraph 1.2(b) and (c) of | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| the Eleanor License Agreement." | Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 33.    4:17-20: "In the Remake, Ford Mustang Shelby GT500s, which are themselves restorations of 1967 Fastback Ford Mustangs, were referred to as either 'Eleanor' or 1967 Ford Mustang Shelby GT500s by characters in the movie because 'Eleanor' was | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. | Sustained/ Overruled |

23
STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| a code name for this type of car. | FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues).<br>FRE 403. | |
| 34.   4:21-25: "The black and grey 'Eleanor' car in the Remake was a 1967 Ford Shelby GT 500 with some minor changes, which included different wheels and some body additions. It was still a 1967 Ford Mustang Shelby GT500. The changes made to the car in the Remake, however, were not unique and had prior to 2009 existed in the marketplace for Ford Mustangs." | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure.<br>FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702.<br>FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony | Sustained/<br>Overruled |

24

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
|---|---|---|
| 35.   4:26-5:2: "The 1967 Ford Shelby GT500 Mustang fastback that was used for the black and grey 'Eleanor' car in the Remake features upper and lower scoops, a rear spoiler pointed upwards with end caps on the quarter panel and a 2-inch longer hood with a front fascia that is extended two inches to accommodate the 2-inch longer hood. These features are not unique to that car in the Remake." | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | FRE 403. | |
| 36.    5:3-4: "Also, the racing stripes on the black and grey 'Eleanor' car in the Remake were identical to the ones Carroll Shelby used in 1965 and are also on a 1967 GT500." | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | Sustained/ Overruled |
| 37.    5:5-6: "The GT500 rocker stripe that was on a Shelby-created 1967 GT500 also made it onto the black | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | | |
|---|---|---|
| and grey 'Eleanor' car in the Remake." | FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues).<br>FRE 403. | |
| 38.    5:6-9: "In 1965, Carroll Shelby created the GT350R that had a side exhaust like the car in the Remake. It did not, however, have the fiberglass cover like the car in the Remake but fiberglass covers to side exhaust were on the Roush Mustang and | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure.<br>FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | | |
|---|---|---|
| the Shinoda 302 Mustangs well before the Remake." | other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 39.   6:12-14: "My understanding of how the black and grey car in the Remake came about was that Steven Stanford and Chip Foose, started with a stock 1967 Shelby GT500 Mustang fastback designed by Ford motor company and Shelby." | Lack of personal knowledge. FRE 602.<br><br>Hearsay. FRE 802.<br><br>Speculation. FRE 701.<br><br>Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703. | Sustained/ Overruled |

28

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 40.    6:14-17: "A true and correct copy of a photograph of Chip Foose (in the front) and his helper working on the design of the black and grey 'Eleanor' car in the Remake is attached hereto as Trial Exhibit 410." | Lack of personal knowledge. FRE 602.<br><br>Hearsay. FRE 802.<br><br>Lack of authentication. FRE 901.  Additionally, unknown annotations added to Trial Exhibit 410. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| 41.   6:18-25: "My understanding from working in the industry and as a muscle car designer was that Steven Stanford first took the Shelby GT500 and sketched out some changes, like the lights he placed next to the headlamps. The process is the same as between all muscle car designer that I know. He added fog lights in front, which had already been on the original 1967 Shelby GT500. He changed the stock rims with rims sold by PSE (Phil Schmidt), which anyone could buy. He flared the fenders, like many other car designers do. Among the dozens of restorers I have known over the years they typically tend to flare fenders." | Lack of personal knowledge. FRE 602.<br><br>Hearsay. FRE 802.<br><br>Speculation. FRE 701.<br><br>Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703. Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the | Sustained/<br>Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | inability to depose him on these issues). FRE 403. | |
| 42.    6:25-7:4: "He also put the gas cap on the rear driver side quarter panel, which was common and already on the stock Shelby cobras as seen in the 1960's era movie, Ford vs. Ferrari, which was released several years ago. He added side exhausts like the 1965 Shelby GT350R, Dodge Viper, Shinoda Boss302, Roush Cobra and Mustangs, and many cars before that. In other words, everything on the black and grey 'Eleanor' car was taken from the same group of blocks and components that everyone I've seen in the business uses to design and build cars." | Lack of personal knowledge. FRE 602.\n\nHearsay. FRE 802.\n\nSpeculation. FRE 701.\n\nLack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.\n\nLay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.\n\nUnfair prejudice, in that the failure to disclose Jason Engel's | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | | |
|---|---|---|
| | purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 43.    7:5-15: "After they were done, the black and grey 'Eleanor' car in the Remake was still a 1967 Shelby GT500. The hood scoop from the Shelby was basically the same but the front air intakes were blocked off on a 45-degree angle. The lower scoops were from a 1965/1966 Shelby GT350. The rear deck lid and end caps on the rear quarter panels were identical to a 1967 GT500. The rear taillights were identical to a 1967 GT500. The tail panel was a 1967 GT500 with the gas cap removed. The front header | Lack of personal knowledge. FRE 602.  Hearsay. FRE 802.  Speculation. FRE 701.  Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.  Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. | Sustained/ Overruled |

32

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

| | | |
|---|---|---|
| panel surrounding the headlights was from a 1967 GT 500 with cut outs to add the lights next to the headlights. The air intakes in the lower facia of the 1965 GT350 are identical to the ones on the black and grey Eleanor car in the Remake except they put lights in them. A true and correct copy of a photograph of a 1965 GT350 is attached hereto as Trial Exhibit 409." | FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues).<br>FRE 403.<br><br>Lack of authentication of Trial Exhibit 409 (Wikipedia entry) with unknown annotations included in Trial Exhibit 409. | |
| 44.   "Based on my over 20 years' experience in the business of making and selling car restorations and replicas, together with my knowledge of the Ford GT series Mustangs and the features of the black and grey 'Eleanor' car in the Remake, I can honestly say that none of the features of | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure.<br>FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| that car in the Remake are exclusive to Eleanor Licensing. | FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues).<br>FRE 403. | |
| 45.    8:12-15: "I am familiar with cars from the Remake that Fusion Motors sold. Those cars used molded parts, but also commingled features that can only be found on a licensed Shelby, such as exclusive Shelby badges and logos as can be seen from the picture of a car on the Fusion Motors website in Trial Exhibit 413." | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure.<br>FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702.<br>FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues).<br><br>FRE 403. | |
| 46.    8:20-21: "Cars that looked like the black and grey 'Eleanor' car in the Remake were sold in the marketplace long before CR entered into the Eleanor License Agreement." | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | FRE 403. | |
| 47.      8:22-24: "For example, the Mustang GT350, that is marked Trial Exhibit 409 is like the black and grey 'Eleanor' car in the Remake, including in that it doesn't have a front bumper, but has a different engine." | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403.<br><br>Lack of authentication of Trial Exhibit 409 (Wikipedia entry) | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | with unknown annotations included in Trial Exhibit 409. | |
|---|---|---|
| 48.      10:1-2: "CR's GT500CR received a significant amount of publicity and press coverage commencing in 2009." | Hearsay. FRE 802. | Sustained/ Overruled |
| 49.      11:9-11: "It was clear from our discussion in 2015, that both Denice Halicki and Michael Leone had seen the GT500CR as they talked about specific elements of the car that they believed were copied from the car in the Remake." | Speculation. FRE 701. | Sustained/ Overruled |
| 50.      11:11-13: "It would have been unusual for them to not have seen the GT500CR at auto auctions and car shows starting in 2010." | Speculation. FRE 701. | Sustained/ Overruled |
| 51.      12:1-2: "Denice Halicki, and Eleanor Licensing have had a dramatic effect on my business and CR's business in the car industry." | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703. | Sustained/ Overruled |

37

| | | |
|---|---|---|
| | Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403.<br><br>Irrelevant (CR is not seeking damage). FRE 402. | |
| 52.   12:2-4: "This case has reputationally caused such negative impressions about my dad, CR and me that sales no longer were sustainable." | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703. | Sustained/ Overruled |

270921900.v1

| | | |
|---|---|---|
| | Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403.<br><br>Irrelevant (CR is not seeking damage). FRE 402.<br><br>Hearsay. FRE 802. | |
| 53.   12:5-8: "In 2019 and 2020, I received at least 3 to 4 calls a month questioning whether they would be sued | Irrelevant (CR is not seeking damage). FRE 402. | Sustained/ Overruled |

39

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| by the Cross-Complainants if they bought a Shelby GT500CR. At first, I thought that the Cross-Complainants were setting me up with these phone calls." | Hearsay. FRE 802. | |
| 54.     12:8-11: "I recall at least two customers who had pending offers who confirmed that they were not going to purchase a Shelby GT500CR because of the risk that they would be sued by the people that licensed the Eleanor. The orders were for approximately $259,000 each." | Irrelevant (CR is not seeking damage). FRE 402.<br><br>Hearsay. FRE 802. | Sustained/ Overruled |
| 55.     12:12-14: "My vendors also received copies of cease-and-desist letters from the Counterclaimants including Mustangs to Fear, R3 Performance and SpeedKore." | Hearsay. FRE 802. | Sustained/ Overruled |
| 56.     12:13-16: "R3 Performance Products who were supplying me with steel | Irrelevant (CR is not seeking damage). FRE 402. | Sustained/ Overruled |

40

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| bodies stopped sending me Mustang parts, Willwood Brakes would no longer extend us a credit line and required COD payments on all deliveries." | Hearsay. FRE 802. | |
| 57.    12:17-19: "Sales at Barrett-Jackson and other outlets slowed and stopped because of the threats made by the Counterclaimants about the GT 500CR infringing intellectual property." | Irrelevant (CR is not seeking damage). FRE 402.<br><br>Hearsay. FRE 802.<br><br>Speculation. FRE 701.<br><br>Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues).<br>FRE 403. | |
| 58.   12:19: "It culminated in closing CR and selling the assets for pennies on the dollar." | Irrelevant (CR is not seeking damage).<br>FRE 402.<br><br>Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure.<br>FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702.<br>FRE 701. | Sustained/<br>Overruled |

42

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| | This information was not disclosed in discovery, and Jason Engel testified that CR destroyed the records reflecting the financial information. FRCP 37. | |
| 59.     12:20-21: "Prior to 2017, CR's gross revenue was approximately $4,500,000 per year. Net revenue was approximately $600,000 per year." | Irrelevant (CR is not seeking damage). FRE 402.

Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703. | Sustained/ Overruled |

| | | |
|---|---|---|
| | Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| | This information was not disclosed in discovery, and Jason Engel testified that CR destroyed the records reflecting the financial information. FRCP 37. | |
| | Unfair prejudice, in that the failure to provide this information in discovery prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose witnesses on these issues). FRE 403. | |

270921900.v1

| 60. | 12:21-23: "After receiving the cease-and-desist letters and the negative publicity that circulated in the tightly knit industry marketplace for these cars, CR could no longer sustain itself." | Irrelevant (CR is not seeking damage). FRE 402. <br><br> This information was not disclosed in discovery, and Jason Engel testified that CR destroyed the records reflecting the financial information. FRCP 37. <br><br> Unfair prejudice, in that the failure to provide this information in discovery prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose witnesses on these issues). FRE 403. | Sustained/ Overruled |
| 61. | 12:23-25: "Had it not been damaged by the acts of the Counterclaimants, CR would still be making cars and generating profits for at least 10 more years." | Irrelevant (CR is not seeking damage. FRE 402. <br><br> Hearsay. FRE 802. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

|  | Lack of foundation. Jason Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.<br><br>Unfair prejudice, in that the failure to disclose Jason Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403.<br><br>This information was not disclosed in discovery, and Jason Engel testified that CR destroyed the records reflecting the financial information. FRCP 37. |  |

| EVIDENCE OBJECTED TO | OBJECTION | RULING |
| --- | --- | --- |
| **Declaration of Tony Engel** | | |
| 62.   3:7-9: "It [CR] also paid royalties to Eleanor | Lack of personal knowledge. FRE 602. | Sustained/ Overruled |

| | | |
|---|---|---|
| Licensing, LLC ('Eleanor Licensing'). As far as I know, CR paid royalties for all the cars it sold within the license period and does not owe Eleanor Licensing any royalties." | | |
| 63.    3:14-15: "Neither CR nor I have ever taken another company's car or car part and removed its brand or name and replaced it with our own or Shelby's." | Lack of personal knowledge (as to CR's actions only). FRE 602. | Sustained/ Overruled |
| 64.    3:15-17: "Neither CR nor I have ever taken a car produced or licensed by the Halicki Parties and removed and replaced their emblems with any others." | Lack of personal knowledge (as to CR's actions only). FRE 602. | Sustained/ Overruled |
| 65.    3:19-21: "In every car that CR and I ever sold, we never claimed that someone else's name, brand, or creation was our own or Shelby's." | Lack of personal knowledge (as to CR's actions only). FRE 602. | Sustained/ Overruled |
| 66.    3:22-25: "Based on my over 50 years' experience in | Lack of foundation. Tony Engel is not an expert and was not | Sustained/ Overruled |

47

| | | |
|---|---|---|
| the business of selling car restorations and replicas, together with my knowledge of the Ford GT series Mustangs and the features of the black and grey 'Eleanor' car in the Remake, I can honestly say that none of the features of that car in the Remake are exclusive to Eleanor Licensing." | designated as an expert in any party's expert disclosure. FRE 602, 702, and 703. <br><br> Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701. <br><br> Unfair prejudice, in that the failure to disclose Tony Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 67.    3:26-27: "Cars that looked like the black and grey 'Eleanor' car in the Remake were sold in the marketplace long before CR entered into the Eleanor License Agreement. | Lack of personal knowledge. FRE 602. <br><br> Lack of foundation. Tony Engel is not an expert and was not designated as an expert in any party's expert disclosure. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

|  | FRE 602, 702 and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Tony Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues).<br>FRE 403. |  |
|---|---|---|
| 68.    4:1-5: "I do not remember how many cars CR made under the Eleanor License Agreement, but they were not all identical including the powertrain and engines. Customers would place order from CR for one of these cars and would then | Lack of personal knowledge. FRE 602. | Sustained/ Overruled |

| | | |
|---|---|---|
| request their own design changes. For example, a customer might want different seats, different engines or different wheels. Every car was different." | | |
| 69.   4:7-9: "CR immediately stopped using the 'Gone In 60 Seconds' and 'Eleanor' marks and has not built or sold any cars like the black and grey 'Eleanor' car in the Remake after the termination of the Eleanor License Agreement." | Lack of personal knowledge. FRE 602. | Sustained/ Overruled |
| 70.   4:17-19: "The Shelby GT500CR is different from the cars CR made under the Eleanor License Agreement. We did not use any elements of the black and grey 'Eleanor' car in the Remake." | Lack of personal knowledge. FRE 602. | Sustained/ Overruled |
| 71.   4:20-21: "CR's GT500CR received a significant amount of | Hearsay. FRE 802. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| publicity and press coverage commencing in 2009." | | |
| 72.    19:5-7: "Both Jason and I denied copying the designs from the black and grey car in the Remake." | Hearsay (as to Jason Engel's statement). FRE 802. | Sustained/ Overruled |
| 73.    5:21-23: "It was clear from our discussion in 2015, that both Denice Halicki and Michael Leone had seen the GT500CR as they talked about specific elements of the car that they believed were copied from the car in the Remake." | Speculation. FRE 701. | Sustained/ Overruled |
| 74.    5:23-25: "In my view, Denice Halicki was attempting to shake down CR, Jason and me for money because she claimed that the GT500CR was a copy of the black and grey Eleanor from the remake." | Irrelevant. FRE 402.  Speculation. FRE 701. | Sustained/ Overruled |
| 75.    5:26-27: "It would have been unusual for them to not have seen the GT500CR at | Speculation. FRE 701. | |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| auto auctions and car shows starting in 2010." | | |
| 76.    6:9-10: "Denice Halicki, and Eleanor Licensing have had a dramatic effect on my business and CR's business in the car industry." | Lack of personal knowledge (as to CR's actions only). FRE 602.  Lack of foundation. Tony Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703.  Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.  Unfair prejudice, in that the failure to disclose Tony Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | FRE 403.<br><br>Irrelevant (CR is not seeking damage).<br>FRE 402. | |
| 77.    6:10-12: "This case has reputationally caused such negative impressions about Jason, CR and me that sales no longer were sustainable." | Lack of personal knowledge (as to CR's actions only).<br>FRE 602.<br><br>Lack of foundation. Tony Engel is not an expert and was not designated as an expert in any party's expert disclosure.<br>FRE 602, 702, and 703.<br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702.<br>FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Tony Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the | Sustained/<br>Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

| | | |
|---|---|---|
| | inability to depose him on these issues).<br>FRE 403.<br><br>Irrelevant (CR is not seeking damage).<br>FRE 402.<br><br>Hearsay.<br>FRE 802. | |
| 78.   6:13-14: "Prior to 2017, CR's gross revenue was approximately $4,500,000 per year. Net revenue was approximately $600,000 per year." | Lack of personal knowledge. FRE 602.<br><br>Irrelevant (CR is not seeking damage).<br>FRE 402.<br><br>Lack of foundation. Tony Engel is not an expert and was not designated as an expert in any party's expert disclosure.<br>FRE 602, 702, and 703.<br><br>Unfair prejudice, in that the failure to disclose Tony Engel's purported expert testimony prevented the Halicki Parties | Sustained/<br>Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | | |
|---|---|---|
| | from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| | This information was not disclosed in discovery, and Jason Engel testified that CR destroyed the records reflecting the financial information. FRCP 37. Unfair prejudice, in that the failure to provide this information in discovery prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose witnesses on these issues). FRE 403. | |
| 79.   6:14-16: "After receiving the cease-and-desist letters and the negative publicity that circulated in the tightly knit industry marketplace for | Irrelevant (CR is not seeking damage). FRE 402. This information was not disclosed in discovery. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| these cars, CR could no longer sustain itself." | FRCP 37.<br><br>This information was not disclosed in discovery. FRCP 37.<br><br>Unfair prejudice, in that the failure to provide this information in discovery prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose witnesses on these issues). FRE 403.<br><br>This information was not disclosed in discovery, and Jason Engel testified that CR destroyed the records reflecting the financial information. FRCP 37. | |
| 80.     6:16-18: "Had it not been damaged by the acts of the Counterclaimants, CR would still be making cars and | Irrelevant (CR is not seeking damage. Tony Engel declared that CR has made and sold cars other than the GT500CR at 3:6, 6:7-8 ). | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| generating profits for at least 10 more years." | FRE 402. Hearsay. FRE 802. Lack of personal knowledge. FRE 602. Lack of foundation. Tony Engel is not an expert and was not designated as an expert in any party's expert disclosure. FRE 602, 702, and 703. Unfair prejudice, in that the failure to disclose Tony Engel's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. This information was not disclosed in discovery, and Jason Engel testified that CR destroyed | |

57

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | | |
|---|---|---|
| | the records reflecting the financial information. FRCP 37. | |

| EVIDENCE OBJECTED TO | OBJECTION | RULING |
|---|---|---|
| **Declaration of Peter Framson** | | |
| 81.   Framson Decl. | Mr. Framson was not disclosed in Shelby's initial disclosures nor during discovery and thus his testimony is inadmissible. FRCP 37(c)(1). | Sustained/ Overruled |
| 82.   2:17-18: "In response to my inquiry, I received a call from Jack Watson, who handles paperwork for consignment sales at Barrett-Jackson." | Lack of personal knowledge (as to Jack Watson's actions and his handling of paperwork for consignment sales at Barrett-Jackson). FRE 602. | Sustained/ Overruled |
| 83.   2:18-20: "He told me that Barrett-Jackson would not take the car for sale because it is an 'Eleanor' and Barrett- | Hearsay. FRE 802. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | | |
|---|---|---|
| Jackson does not want to get sued." | | |
| 84.   2:20-21: "He told me that it would cost me $20,000 or more to get a license from Eleanor Licensing that would allow me to sell the Shelby GT500E." | Hearsay. FRE 802. | Sustained/ Overruled |
| 85.   2:24-26: Trial Exhibit 1021 to Framson Declaration ¶ 5 | Trial Exhibit 1021 to which Mr. Framson refers has not been previously produced in discovery and is thus inadmissible. FRCP 37(c)(1). | Sustained/ Overruled |
| 86.   3:2-4: Trial Exhibit 1008 to Framson Declaration ¶ 6 | Trial Exhibit 1008 to which Mr. Framson refers has not been previously produced in discovery and is thus inadmissible. FRCP 37(c)(1). | Sustained/ Overruled |
| 87.   3:8-9: "I believe the Shelby brand has tremendous value and have always maintained my car carefully to preserve that value." | Lack of personal knowledge. FRE 703 and 602.  Speculation and lack of foundation. FRE 703 and FRE 602 | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| 88.    3:9-12: "The car is listed in the Shelby registry; the wheels came from the Shelby factory in Nevada; and the gauges are signed by Carroll Shelby, whom I met over ten years ago in a charitable context and whom I respect very much." | Lack of personal knowledge. FRE 703 and 602.<br><br>Speculation and lack of foundation.<br>FRE 703 and 602. | Sustained/ Overruled |
|---|---|---|
| 89.    3:12-14: "I strongly believe that branding my Shelby GT500E as an "Eleanor", rather than a Shelby GT500E, would decrease its inherent value and appeal." | Lack of personal knowledge. FRE 703 and 602.<br><br>Speculation and lack of foundation.<br>FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702.<br><br>FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Mr. | Sustained/ Overruled |

60

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

| | | |
|---|---|---|
| | Framson's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 90.   3:21-23: "Several days later, Mr. Watson confirmed that Barrett-Jackson would allow my car to be listed in Barrett-Jackson's auction in January 2023." | Hearsay. FRE 802. | Sustained/ Overruled |
| 91.   3:24-27 – 4:1-3: "However, I believe that the price I received for the car was at least $100,000 less than I would have received if I had sold the car at the January 2022 auction.  This estimate is based on my personal observations of the prices of cars similar to mine | Speculation and lack of foundation. Mr. Framson is not qualified as an expert and his opinion testimony regarding the market and prices is inadmissible.  Mr. Framson was not designated as an expert in any party's expert disclosure. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | |
|---|---|
| that were sold at both the January 2022 and January 2023 Barrett-Jackson auctions, as well as the prices of other high-end cars generally throughout the market, all of which are currently trending down in sizeable amounts since last year at this time." | FRE 602, 702, and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Mr. Framson's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403.<br><br>Lack of personal knowledge. FRE 703 and 602.<br><br>Unsupported and improper legal conclusion re damages. |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | Local Rule 7-7 and FRCP 56(e). | |
|---|---|---|

| EVIDENCE OBJECTED TO | OBJECTION | RULING |
|---|---|---|
| **Declaration of James Hankerson, M.D.** | | |
| 92.    Hankerson Decl. | Mr. Hankerson was not disclosed in Shelby's initial disclosures nor during discovery and thus his testimony is inadmissible. FRCP 37(c)(1). | Sustained/ Overruled |
| 93.    2:6-9: "It is my understanding that my vehicle, which was assigned vehicle number CSESS033, was the very last or one of the last Shelby GT500E vehicles build by Unique Performance, which would make is especially distinctively and valuable." | Lack of personal knowledge. FRE 703 and 602.<br><br>Speculation and lack of foundation. FRE 701, 703, and 602. | Sustained/ Overruled |
| 94.    2:16-17: "About two or three weeks later, I received an inquiry from Barrett-Jackson about the original Vehicle Identification Number ("VIN") of the car." | Hearsay. FRE 802. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | | |
|---|---|---|
| 95.    2:18-20: "I spoke to Barrett-Jackson's representative, Bo Bell, who expressly told me that, if I paid Denice Halicki $30,000 for a certificate of authenticity, it would avoid legal issues." | Hearsay. FRE 802. | Sustained/ Overruled |
| 96.    2:23-24: "I grew up in the 1960s when American muscle cars were king and the Shelby GT500s were the iconic muscle cars." | Irrelevant. "Irrelevant evidence is not admissible." Mr. Hankerson's experience in the 1960s and perception of muscle cars are not relevant. FRE 402.<br><br>Lack of personal knowledge. FRE 703 and 602.<br><br>Speculation and lack of foundation. Mr. Hankerson does not provide a basis for why he believes Shelby GT500s were the iconic muscle cars. FRE 701, 703, and 602. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| 97. | 3:2-7: "When I was told that I needed an Eleanor license from Mrs. Halicki, I felt that my beloved car was actually worth a lot less than I had always believed it to be, and less that it should have been worth, given the cost of the car, the care I had given to the car, and the fact that it was a licensed Shelby GT500, the ideal and iconic car and design I had revered since my youth." | Speculation and lack of foundation. Mr. Hankerson is not qualified as an expert and his opinion testimony regarding the worth and appeal of the car is inadmissible.  Mr. Hankerson was not designated as an expert in any party's expert disclosure. FRE 602, 702 and 703.

Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.

Unfair prejudice, in that the failure to disclose Mr. Hankerson's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| | inability to depose him on these issues). FRE 403. | | |
|---|---|---|---|
| | Lack of personal knowledge. FRE 703 and 602. | | |
| 98.    3:7-8: "It was almost as if I was being told this incredible, iconic, and expensive car was worth nothing at all. I did not believe that this was proper or right." | Hearsay. FRE 802. | Sustained/ Overruled |

| EVIDENCE OBJECTED TO | OBJECTION | RULING |
|---|---|---|
| **Declaration of Gilly Rojany** | | |
| 99.    2:12: Trial Exhibit 32 of Rojany Decl. ¶ 4 | Hearsay. FRE 802. | Sustained/ Overruled |
| 100.   2:12: Trial Exhibit 33 of Rojany Decl. ¶ 4 | Hearsay. FRE 802. | Sustained/ Overruled |
| 101.   2:13: Trial Exhibit 34 of Rojany Decl. ¶ 4 | Hearsay. FRE 802. | Sustained/ Overruled |
| 102.   2:13: Trial Exhibit 244 of Rojany Decl. ¶ 4 | Hearsay. FRE 802. | Sustained/ Overruled |
| 103.   2:14: Trial Exhibit 245 of Rojany Decl. ¶ 4 | Hearsay. FRE 802. | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| 104. 2:14: Trial Exhibit 246 of Rojany Decl. ¶ 4 | Hearsay. FRE 802. | Sustained/ Overruled |
|---|---|---|
| 105. 2:17-20: "I understood from Mr. Lindsey's emails that, even though my Shelby GT500E was not named or branded 'Eleanor,' Bring a Trailer Auctions was refusing to list for sale if I did not obtain a license of some sort from the Gone in 60 Seconds company because Gone in 60 Seconds had won a copyright lawsuit against Shelby." | Hearsay. FRE 802. | Sustained/ Overruled |
| 106. 2:24-25: "I should not need to secure a license from anyone else to sell this car." | Speculation and lack of foundation. Mr. Rojany is not qualified as an expert and his opinion testimony regarding legal opinions is inadmissible. Mr. Hankerson was not designated as an expert in any party's expert disclosure. FRE 602, 702 and 703. | Sustained/ Overruled |

270921900.v1

| | | |
|---|---|---|
| | Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702. FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Mr. Hankerson's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues). FRE 403. | |
| 107.   3:3-6: "Calling a car an "Eleanor" does not give it any value in my eyes; it is just a name they happened to give one of the many cars in a movie about cars.  The Shelby brand, on the other hand, was developed by | Speculation and lack of foundation. Mr. Rojany is not qualified as an expert and his opinion testimony regarding the value of the car and brand is inadmissible.  Mr. Rojany was not designated as an | Sustained/<br>Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | | |
|---|---|---|
| famous race car driver, Carroll Shelby, and had long signified design quality and integrity to me." | expert in any party's expert disclosure.<br><br>FRE 602, 702 and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702.<br>FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Mr. Rojany's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the inability to depose him on these issues).<br>FRE 403.<br><br>Lack of personal knowledge.<br>FRE 703 and 602. | |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1

| 108.   3:6-10: "I have been put in a very difficult and upsetting position because I believe that branding my Shelby GT500E as an "Eleanor," rather than a Shelby GT500E, would decrease its inherent value and appeal, but at the same time, I have been told I cannot sell my GT500E at all without first having to do just that. I still have not sold my GT500E as a result." | Speculation and lack of foundation. Mr. Rojany is not qualified as an expert and his opinion testimony regarding value and appeal is inadmissible.  Mr. Rojany was not designated as an expert in any party's expert disclosure.<br>FRE 602, 702 and 703.<br><br>Lay witnesses are precluded from expressing an opinion based on scientific, technical or other specialized knowledge within the scope of FRE 702.<br>FRE 701.<br><br>Unfair prejudice, in that the failure to disclose Mr. Rojany's purported expert testimony prevented the Halicki Parties from conducting discovery on these opinions (including the | Sustained/ Overruled |

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS
270921900.v1

| | inability to depose him on these issues). FRE 403. Lack of personal knowledge. FRE 703 and 602. | |
|---|---|---|

Dated:  March 14, 2023

By:

Jason J. Keener /s/
_____

David L. Brandon
CLARK HILL PLC

Jason J. Keener
Victoria Hanson
IRWIN IP LLP

Attorneys for Halicki Parties

71

STATEMENT OF EVIDENTIARY OBJECTIONS TO DIRECT TESTIMONY DECLARATIONS

270921900.v1